Filed 1/21/25  P. v. Lundie CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B333902 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA097566) |
| v. | |
| CHRISTOPHER LIONEL LUNDIE, | |
| Defendant and Appellant. | |

Christopher Lionel Lundie (defendant) appeals from the court's order revoking his probation following a contested probation revocation hearing.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On September 10, 2024, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have

reviewed the entire record and, finding no arguable issues, affirm the judgment.

In October 2017, defendant burglarized a Los Angeles jewelry store.

In October 2019, the People charged defendant with grand theft (Pen. Code, § 487, subd. (a))[1] and burglary (§ 459). The People further alleged that defendant's 2001 conviction for robbery (§ 211) and his 2004 conviction for burglary (§ 459) constituted "strikes" under California's Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he served two prior prison terms (§ 667.5, subd. (b)).

On March 5, 2020, defendant pled no contest to grand theft, admitted one prior strike conviction and one prior prison term, and agreed to be sentenced to a term of 16 months in state prison on payment of restitution in the amount of $8,800 to the jewelry store, or 32 months in state prison if he did not pay the restitution in full; in exchange, the People dismissed the remaining count and allegations against him.

On December 17, 2020, the trial court sentenced defendant to two years formal probation in lieu of a term of imprisonment.

On July 16, 2021, Jeramie Jeffries (Jeffries) was inside a store while his friend was parked outside. Defendant crashed into the parked car. Jeffries rushed outside, confronted defendant and demanded payment for the damage defendant had caused. Defendant walked away and got into the driver's seat of his car. Jeffries followed defendant. Defendant pointed a silver, semiautomatic pistol at Jeffries.

In November 2021, the People filed a motion to revoke

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

defendant's probation alleging that he violated section 29800—possession of a firearm by a felon.

A trial court may revoke probation when it has reason to believe the person under supervision has "committed another offense or otherwise has violated the terms of supervision." (*People v. Buell* (2017) 16 Cal.App.5th 682, 687; § 1203.2, subd. (a).) "The prosecution must prove the grounds for revocation by a preponderance of the evidence." (*Buell*, at p. 687)

On August 8, 2023, following a contested hearing, defendant's probation was revoked. The trial court sentenced defendant to a term of two years in the county jail.

Defendant filed a timely notice of appeal.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, P. J.

HOFFSTADT

3

We concur:

_____, J.

BAKER


_____, J.

MOOR